# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 16 C 50206 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Arsenio Purifoy, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, defendants' motion to supplement is granted [16] and his 28 U.S.C. § 2255 motion [1] is dismissed as untimely. The court declines to grant a certificate of appealability.

## STATEMENT

On June 23, 2016, defendant Arsenio Purifoy filed a motion challenging his sentence under 28 U.S.C. § 2255 [1]. On August 1, 2016, the court stayed these matters pending the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) [7], and lifted the stay on March 29, 2017, following the *Beckles* decision [12]. The Federal Defender Program subsequently moved to withdraw, and the court granted the motion [14]. After the court ordered supplemental briefing regarding the Supreme Court's decision in *Beckles*, the government filed a response on June 22, 2017 [15] and defendant filed a motion to supplement on June 26, 2017 [16], which is granted. This matter is now ripe for the court's review.

The government has challenged defendant's § 2255 motion on the grounds that: (1) defendant was sentenced under the advisory Guidelines and thus *Beckles* controls; (2) defendant's claims are untimely; (3) defendant procedurally defaulted his claims; (4) defendant's claims fail on the merits; and (5) defendant arguably waived his right to collaterally attack his claims. The court agrees with the government that *Beckles* clearly controls the outcome of this case and that defendant's claims would fail on their merits because he was not sentenced under the residual clause. As such, the court need not address the government's remaining arguments.

A. *Beckles*.
First, as the government points out, defendant was sentenced in 2014, long after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) that made the Guidelines advisory. *See United States v. Purifoy*, Case No. 12 CR 50066-3, at Doc. #141 (N.D. Ill.). The Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017)

explicitly held that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *See id*. at 897. As such, *Beckles* controls and defendant's § 2255 motion must be dismissed.

B. The Merits.

Next, it is undisputed that the two prior offenses that were classified as "crimes of violence" and supported the court's determination that defendant was a career offender were for Illinois robbery. *See United States v. Purifoy*, Case No. 12 CR 50066-3, at Doc. #141 (N.D. Ill.). As the government points out, the Seventh Circuit has explicitly and repeatedly held that Illinois robbery convictions are crimes of violence under the elements clause. *See United States v. Smith*, 669 Fed. Appx. 314, 315 (7th Cir. 2016) (collecting cases). As such, defendant's career offender status did not rest on the residual clause. Thus, *Johnson* could afford him no possible relief and defendant's claims are without merit.

C. Certificate of Appealabilty.

Rule 11(a) of the Rules governing Section 2255 Proceedings in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, while defendant attempted to raise constitutional issues in his § 2255 motion, the court finds that his claims are definitively foreclosed by *Beckles*, would otherwise clearly fail on their merits, and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the foregoing reasons, the court dismisses defendant's petition under 28 U.S.C. § 2255 [1] and declines to issue a certificate of appealability. The case is closed.
\

Date: 11/20/2017                    ENTER:

                                                                         *Philip G. Reinhard*
                                                       United States District Court Judge

Notices mailed by Judicial Staff. (LC)